UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

| | |
|---|---|
| ALBERT DERRING, ) | |
| ) | |
| Petitioner, ) | Case No. 1:07-cv-1266 |
| ) | |
| v. ) | Honorable Robert Holmes Bell |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | **REPORT AND RECOMMENDATION** |
| Respondent. ) | |
| _____) | |

       This is a civil action brought by a federal supervised releasee, purportedly under 28 U.S.C. § 2241. Petitioner, who is serving a 5-year period of supervised release imposed by this court on March 13, 1998, challenges the legality of the court's criminal judgment, alleging that the court violated the so-called "safety-valve" provisions of 18 U.S.C. § 3553(f). For relief, petitioner asks that the court resentence him to "a term of 3 to five years supervised release." (Brief in Support of Petition at 5, docket # 2).

       Chief Judge Robert Holmes Bell has referred this matter to me for review under the Rules Governing Section 2254 Cases in the United States District Courts, which may be applied to any habeas corpus petition. *See* Rule 1(b), RULES GOVERNING SECTION 2254 CASES. Under Habeas Rule 4, the court must examine a habeas corpus petition to determine whether it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." If so, the petition must be summarily dismissed. *Id.* Having reviewed the petition and the record of the criminal proceeding from which it arises, *United States v. Derring*, case no. 1:97-cr-82,

I conclude that the petition must be summarily dismissed because (1) relief is not available to petitioner under section 2241 and (2) his allegations are legally meritless.

### **Proposed Findings of Fact**

The grand jury of this district returned an indictment against Albert Derring and numerous co-defendants on June 5, 1997, charging them with conspiracy to possess with intent to distribute 5 kilograms or more of powder cocaine and 50 grams or more of crack cocaine. 21 U.S.C. §§ 846, 841(a)(1). Count 1 of the indictment was punishable by a mandatory minimum of 10 years in prison and a maximum of life imprisonment, and a mandatory minimum of 5 years' supervised release and a maximum term of lifetime supervision. On July 10, 1997, the grand jury handed up a first superseding indictment which, with regard to the conspiracy charge, made the same essential allegations against petitioner Derring. On October 29, 1997, petitioner and his retained counsel appeared before District Judge Robert Holmes Bell to enter a plea of guilty to count 1 of the superseding indictment. The guilty plea was entered pursuant to a written plea agreement (docket # 323) which contained no binding agreements concerning sentencing.[1]  The court ordered preparation of a presentence report and took the plea agreement under advisement.

United States Probation Officer Christina Kleinpaste issued a presentence investigation report (PSIR) on January 6, 1997, which was revised several times before sentencing. The PSIR chronicled a longstanding conspiracy to import powder cocaine from Chicago, Illinois or Detroit, Michigan, and sell the drug as powder or crack cocaine in the State of Michigan. The PSIR reported that petitioner Albert Derring had been involved in the distribution of cocaine in Kalamazoo

---

[1] Unless otherwise indicated, all references in this report and recommendation are to the docket in the criminal case, *United States v. Derring, et al.*, case no. 1:97-cr-82.

before the year 1993, when he developed a partnership with co-defendant Allie Richard Buchanan. (PSIR ¶¶ 62, 63). As ultimately revised, the PSIR reported that petitioner was directly responsible for the distribution of between 10 and 12 kilograms of powder cocaine and at least 445 grams of crack cocaine. (*Id.*, ¶ 64). Under the November 1, 1997 edition of the Guidelines Manual, this quantity of drugs called for a base offense level of 36. (*Id.*, ¶ 118). The PSIR recommended that the court deny petitioner an adjustment for acceptance of responsibility under U.S.S.G. § 3E1.1, finding that petitioner had frivolously denied relevant conduct for which he was clearly responsible and that he had not provided the probation officer with necessary financial information. (*Id.*, ¶ 123). This resulted in a suggested total offense level of 36. The PSIR found that petitioner's criminal history category was I, despite numerous arrests and some convictions. (*Id.*, ¶ 134). This total offense level and criminal history category rendered a guideline range of 188-to-235 months (*Id.*, ¶ 171), well above the mandatory minimum of 120 months required by statute. 21 U.S.C. § 841(b)(1)(A). The guideline range for supervised release was at least 3 years but not more than 5 years under U.S.S.G. § 5D1.2(b) (PSIR, ¶ 174), but the statutory mandatory minimum was 5 years of supervised release, with a maximum of life on supervision.

    Petitioner appeared before Judge Bell on March 13, 1998, for sentencing. At the sentencing hearing, the court made two decisions that significantly reduced petitioner's potential sentence. First, the court rejected the PSIR's finding that petitioner had not accepted responsibility. The court therefore reduced the total offense level by three points pursuant to U.S.S.G. § 3E1.1. (Judgment at 6, docket # 526). This rendered a total offense level of 33 and a guideline range of 135-to-168 months. (*Id.*). Second, the court found that defendant met the criteria for "safety-valve" treatment under 18 U.S.C. § 3553(f). The court therefore reduced petitioner's total offense level by

an additional two levels, as required by U.S.S.G. § 2D1.1(b)(6). (*Id.*). As a consequence, the resulting guideline range was lowered to 108-to-135 months and the resulting range for supervised release became 3-to-5 years. U.S.S.G. § 5D1.2(a)(1). The court imposed a prison term of 120 months, in the middle of the guideline range. The period of supervised release was 5 years, at the top of the guideline range. (*See* Judgment, docket # 526).

Petitioner appealed as of right to the United States Court of Appeals for the Sixth Circuit. *See United States v. Buchanan*, 213 F.3d 302 (6th Cir. 2000). According to the published opinion of the Court of Appeals, petitioner and his co-defendants raised numerous challenges to their convictions and sentences. Petitioner did not, however, raise any challenge to his term of supervised release or any argument that the court somehow violated the requirements of the safety-valve provisions of 18 U.S.C. § 3553(f) in any respect. The Court of Appeals affirmed petitioner's conviction and sentence.

On February 16, 2001, petitioner filed a *pro se* motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. *Derring v. United States*, case no. 1:01-cv-118. The section 2255 motion alleged ineffective assistance of counsel during plea negotiations and at sentencing and challenged the voluntariness of the guilty plea. In an opinion filed on December 5, 2001, Chief Judge Robert Holmes Bell analyzed each of petitioner's claims and found them meritless. The court therefore denied section 2255 relief. Petitioner appealed, but the United States Court of Appeals for the Sixth Circuit denied a certificate of appealability. *Derring v. United States*, No. 02-1480 (6th Cir. Mar. 24, 2003).

Petitioner next filed a motion to correct judgment under Fed. R. Crim. P. 36. Judge Bell denied the motion by order dated November 25, 2003 (docket # 881), and the Court of Appeals

dismissed an appeal for lack of jurisdiction. *United States v. Derring*, No. 04-1128 (6th Cir. Mar. 19, 2004).

Undaunted, petitioner filed a *pro se* application for writ of mandamus. (docket # 919). The application alleged that the court failed to discharge a mandatory duty to sentence petitioner to a prison term less than the mandatory minimum. On the basis of this argument, petitioner asserted that the court had violated the safety-valve statute, 18 U.S.C. § 3553(f), which, he argued, required a sentence under the 10-year mandatory minimum. The court rejected this argument as follows: "Contrary to Defendant's assertions, the safety-valve provision of 18 U.S.C. § 3553(f) is not a guarantee that he will be sentenced below the statutory minimum. It merely enables the Court to impose a sentence pursuant to the applicable guidelines 'without regard to any statutory minimum sentence.'" (Memorandum Opinion & Order at 3, docket # 926).

Petitioner initiated the present action by filing a petition for writ of habeas corpus on December 18, 2007. The petition, purportedly brought under 28 U.S.C. § 2241, challenges only the length of the term of supervised release, which petitioner has been serving for approximately one year. Again relying on the safety-valve provision of 18 U.S.C. § 3553(f), petitioner argues that the 5-year term of supervision was unlawful and should be reduced to a 3-to-5 year term.

## Discussion

### 1.

The proper method by which a federal defendant may challenge the legality of his sentence is by direct appeal or, in certain circumstances, by motion under 28 U.S.C. § 2255, not by habeas corpus petition under 28 U.S.C. § 2241. *See Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir.

1996). Applications for habeas corpus relief under 28 U.S.C. § 2241 are generally limited to attacks by federal prisoners on the method by which their sentence is executed, such as the computation of sentencing credit. *See, e.g., United States v. Jalili*, 925 F.2d 889, 893-94 (6th Cir. 1991); *Cohen v. United States*, 593 F.2d 766, 770-71 (6th Cir. 1979). Section 2241 relief is generally inappropriate as a method to challenge the validity of a conviction or sentence.

Under highly exceptional circumstances, however, a federal prisoner may challenge the legality of his conviction or sentence under section 2241. Under the "savings clause" of 28 U.S.C. § 2255, a federal prisoner may proceed under section 2241 if he is able to establish that his remedy under section 2255 is inadequate or ineffective. *See United States v. Peterman*, 249 F.3d 458, 461-62 (6th Cir. 2001); *Charles v. Chandler*, 180 F.3d 753, 755-56 (6th Cir. 1999). The prisoner has the burden to prove that his remedy under section 2255 is inadequate or ineffective. *See Martin v. Perez*, 319 F.3d 799, 803-04 (6th Cir. 2003). A section 2255 remedy is not considered inadequate or ineffective merely because section 2255 relief has previously been denied, because the petitioner is procedurally barred from pursuing section 2255 relief, or because the petitioner has been denied permission to file a second or successive section 2255 motion. *Peterman*, 249 F.3d at 461; *Charles*, 180 F.3d at 756.

The Sixth Circuit Court of Appeals has allowed federal prisoners to proceed under section 2241 only in the case of actual innocence or when intervening law has rendered defendant's conduct non-criminal. *See Bannerman v. Snyder*, 325 F.3d 722, 724 (6th Cir. 2003); *Martin*, 319 F.3d at 804-05 (petitioner satisfied savings clause by asserting a facially valid claim that the trial court lacked jurisdiction over his federal bombing charges arising from destruction of a private residence lacking nexus with interstate commerce). Actual innocence means factual innocence, and

not merely an error in the trial proceedings. *See Paulino v. United States*, 352 F.3d 1056, 1061 (6th Cir. 2003).

In the present case, petitioner does not allege actual innocence or a lack of trial court jurisdiction. Rather, he asserts a garden-variety claim of sentencing error that could and should have been raised on direct appeal. The Sixth Circuit routinely holds that such nonconstitutional claims of sentencing error must be raised on direct appeal and cannot be raised on collateral review. *See, e.g., Grant v. United States*, 72 F.3d 503, 506 (6th Cir. 1996). *A fortiori*, such claims of sentencing error cannot be raised for the first time by application for habeas corpus relief under section 2241.

Petitioner's sentence is almost ten years old, he has exercised his appeal of right and his ability to challenge his conviction under section 2255, and his criminal conviction is now final and binding. Petitioner may not challenge the legality of his sentence on nonconstitutional grounds by application for habeas corpus relief under 28 U.S.C. § 2241. His application is therefore subject to summary dismissal on this ground.

**2.**

Even if the court overlooks the impropriety of a section 2241 application, petitioner's substantive argument is insubstantial. In imposing sentence on March 13, 1998, the court determined that petitioner was entitled to sentencing under the safety-valve provisions of 18 U.S.C. § 3553(f). The appellate courts hold that the language of section 3553(f) is plainly mandatory and that a defendant found eligible for safety-valve treatment must be given a guideline prison sentence, without regard to any statutory mandatory minimum. *See, e.g., United States v. Quirante*, 486 F.3d 1273, 1275 (11th Cir. 2007); *United States v. Castillo*, 460 F.3d 337, 353-54 (2d Cir. 2006).

Likewise, any term of supervised release is governed by the Sentencing Guidelines, without regard to any statutory minimum. *See United States v. Hendricks*, 171 F.3d 1184 (8th Cir. 1999). Thus, in imposing sentence under the safety-valve provisions of section 3553(f), the court must disregard statutory minimum prison sentences and supervised release terms. *Id.* In the present case, the court did not treat section 3553(f) as discretionary, but gave petitioner the benefit of a two-level reduction in his offense level as required by U.S.S.G. § 2D1.1(b)(6), imposing a prison sentence within the middle of the guideline range. Furthermore, with regard to supervised release, the court imposed a term of 5 years, which also fell within the guideline range. As Judge Bell has previously remarked, the safety-valve provision is not a guarantee that a defendant will be sentenced below the statutory minimum -- it merely enables the court to impose a sentence pursuant to the applicable guidelines without regard to the statutory minimum sentence. As both the prison sentence and the term of supervised release fell within the applicable guidelines, petitioner simply has no cognizable complaint.

Finally, petitioner's request for relief underscores his misunderstanding of federal sentencing law. Petitioner requests that the court resentence him "to a term of 3 to five years supervised release." (Brief in Support of Petition at 5, docket # 2). The federal courts do not impose indeterminate sentences. Consequently, a term of supervision of "3 to five years" would be erroneous. The court must impose a certain term. In the present case, the length of that term must be "at least three years but not more than five years." U.S.S.G. § 5D1.2(a)(1). Obviously, petitioner's 5-year term of supervision is within the appropriate guideline range and is therefore unassailable.

**Recommended Disposition**

For the foregoing reasons, I recommend that the application for habeas corpus relief under 28 U.S.C. § 2241 be summarily denied.


Dated:   December 28, 2007            /s/  Joseph G. Scoville
                                      United States Magistrate Judge


**NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within ten days of service of this notice on you.  28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b).  All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b).  Failure to file timely objections may constitute a waiver of any further right of appeal.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *Neuman v. Rivers*, 125 F.3d 315, 322-23 (6th Cir.), *cert. denied*, 522 U.S. 1030 (1997); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).