UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALBERT DERRING,

        Petitioner,

v.

UNITED STATES OF AMERICA,

        Respondent.

_____/

Case No. 1:07-CV-1266

HON. ROBERT HOLMES BELL

**ORDER ADOPTING REPORT AND RECOMMENDATION**
**AND DISMISSING PETITION FOR WRIT OF HABEAS CORPUS**

This matter is before the Court on a Petitioner Albert Derring's objections to the Magistrate Judge's December 28, 2007, Report and Recommendation ("R&R") recommending that Petitioner's § 2241 petition for writ of habeas corpus be summarily dismissed with prejudice pursuant to Rule 4 of the Rules Governing § 2254 Cases, because it plainly appears from the petition that relief is not available to Petitioner under § 2241 and Petitioner's allegations are legally meritless. (Dkt. No. 4.)

This Court is required to make a de novo determination of those portions of the R&R to which objection has been made, and may accept, reject, or modify any or all of the Magistrate Judge's findings or recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

Petitioner contends that contrary to the statements in the R&R, 28 U.S.C. § 2241 is the proper vehicle to address issues concerning parole and supervised release. Petitioner has not cited any authority in support of this proposition. Neither has he responded to the R&R's analysis of such factors as Plaintiff's failure to prove the inadequacy of his remedy under § 2255, Plaintiff's failure to show actual innocence, and the requirement that garden-variety sentencing error claims be raised on direct appeal rather than on collateral review. On de novo review of the R&R, the Court is satisfied that the R&R has correctly concluded that Petitioner may not challenge the legality of his sentence on nonconstitutional grounds by application for habeas corpus relief under § 2241.

Petitioner also objects to the R&R's alternative recommendation that Petitioner's claim of sentencing error lacks merit. Petitioner contends that because he qualified for the 18 U.S.C. § 3553(f) safety-valve provision, he should have been sentenced to a supervised release term of three to five years under § 5D1.2 of the Sentencing Guidelines

The Magistrate Judge correctly explained that federal courts do not set indeterminate sentences, and that Petitioner's five-year term of supervised release was within the guideline range called for in § 5D1.2. Petitioner's objections are not responsive to the explanations in the R&R and do not call for a different conclusion. Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's objections to the Report and Recommendation of the Magistrate Judge (Dkt. No. 5) are **DENIED**.

**IT IS FURTHER ORDERED** that the December 28, 2007, Report and Recommendation of the Magistrate Judge (Dkt. No. 4) is **APPROVED** and **ADOPTED** as the opinion of the Court.

**IT IS FURTHER ORDERED** that Petitioner's petition for writ of habeas corpus (Dkt. No. 1) is **SUMMARILY DISMISSED WITH PREJUDICE**.

Date:     April 16, 2008            /s/ Robert Holmes Bell
                                    ROBERT HOLMES BELL
                                    CHIEF UNITED STATES DISTRICT JUDGE